IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
JAN 3 0 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

STEVEN T. BISHOP, )
 )
      Petitioner, )
 )
v. ) No. 1:07cv1121 (LMB/TCB)
 )
CHARLES R. DAVIS, Brigadier )
General, U.S. Air Force, in his )
official capacity, )
 )
      Respondent. )

## MEMORANDUM OPINION

Petitioner Steven T. Bishop, a commissioned officer in the United States Air Force, has filed a petition for writ of habeas corpus challenging the Air Force's assertion of jurisdiction over him for the purpose of conducting court-martial proceedings. The government has filed a Response to Petitioner's Request for a Writ of Habeas Corpus in which it asks the Court to refrain from intervening in the court-martial process or, in the alternative, to deny Bishop's petition on the merits. The Court will construe this pleading as a motion to abstain or, in the alternative, a motion to dismiss.[1]

For the reasons stated below, the Court will grant the government's motion to abstain.

### Background

On April 14, 2005, court-martial charges were preferred

---

[1] The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before it and argument would not aid the decisional process.

against Bishop for dereliction of duty stemming from his improper use of a government travel card and his making of false claims for reimbursement. These charges were referred to a general court-martial on September 21, 2005, and were served on Bishop that same day.

Bishop, who had twice been passed over for promotion to lieutenant colonel, became eligible for discharge on March 31, 2006. Although his pending court-martial charges would normally preclude discharge, Bishop received his discharge papers from the Air Force on that date. The Air Force contends that Bishop fraudulently obtained that discharge by forging the signatures on his "out processing checklist" - the document showing that the service member has taken all appropriate steps to effectuate his discharge.

On the belief that he remained on active duty, the Air Force arrested Bishop on May 10, 2006 and placed him in pre-trial confinement. He was released four days later and ordered to report to duty on May 18, 2006. The following day, the Air Force preferred an additional charge of fraudulent separation against Bishop.[2]

In early January 2007, Bishop was tried by general court-

---

[2] Bishop filed a petition for writ of habeas corpus with this Court on June 23, 2006. See Bishop v. Davis, No. 1:06-cv-737 (E.D. Va.). Citing to the pendency of ongoing court-martial proceedings, the Court dismissed the petition without prejudice on August 18, 2006.

martial on the charge of fraudulent separation. A panel of seven officers found him guilty. The conviction for fraudulent separation meant that the Air Force retained court-martial jurisdiction over Bishop, allowing it to pursue the original dereliction of duty charge against him.

On March 6, 2007, Bishop pleaded guilty to the dereliction of duty charge. He was sentenced to dismissal from the service, twenty-seven months of confinement (which was suspended pursuant to a pretrial agreement), forfeiture of pay for twenty-seven months, and a $21,000 fine. The Air Force Court of Criminal Appeals has initiated mandatory appellate review of that conviction.

On November 5, 2007, Bishop filed a petition for writ of habeas corpus in this Court.

## Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 2241.

## Discussion

The government requests that the Court abstain from addressing the merits of Bishop's petition because he may still challenge the jurisdiction of the court-martial in military appellate proceedings. It bases this argument on the exhaustion requirement of Schlesinger v. Councilman, 420 U.S. 738 (1975). In Councilman, the Supreme Court observed that "federal courts

normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted." Id. at 758. This argument does not apply to Bishop's case because Councilman's rule of exhaustion does not extend to attacks on the court-martial's jurisdiction. See New v. Cohen, 129 F.3d 639 (D.C. Cir. 1997) ("[A] person need not exhaust remedies in a military tribunal if the military court has no jurisdiction over him.").

However, Councilman supports the government's general request for abstention by recognizing the unique position held by the military in our country, the intricate set of rules and procedures governing the conduct of servicemen, and the specialized review procedures and autonomous system of military courts created by Congress. Id. at 757-58. "[I]mplicit in the congressional scheme . . . is the view that the military court system generally is adequate to and responsibly will perform its assigned task." Id. at 758. The teachings of Councilman lead this Court to conclude that it should abstain from interfering with ongoing military justice proceedings to the greatest extent possible. See id. at 757 (applying the principles of Younger v. Harris, 401 U.S. 37 (1971), to ongoing court-martial proceedings).

Such abstention accords the military justice system appropriate comity, while not prejudicing Bishop in any respect.

Bishop has an appeal pending in the Air Force Court of Criminal Appeals concerning his conviction for dereliction of duty. Under the Uniform Code of Military Justice, the validity of that conviction is predicated on the validity of his earlier conviction for fraudulent separation:

> Each person discharged from the armed forces who is later charged with having fraudulently obtained his discharge is . . . subject to trial by court-martial on that charge . . . . Upon conviction of that charge he is subject to trial by court-martial for all offenses under this chapter committed before the fraudulent separation.

10 U.S.C. § 803, art. 3(b). Bishop can therefore raise all his jurisdictional challenges in that appeal. See United States v. Reid, 46 M.J. 236, 240 (1997) (noting that "jurisdiction [of the court-martial] is never waived and may be raised at any stage of the proceedings"). If, as his habeas petition asserts, Bishop had been validly discharged on March 31, 2006, his convictions for fraudulent separation and dereliction of duty must be set aside.

Moreover, considerations of institutional competence favor abstention. In his habeas petition, Bishop argues that he was discharged from the Air Force by operation of law when he was twice passed over for promotion and that his allegedly false representations on the "out-processing checklist" are irrelevant. Resolution of this claim will require an interpretation of federal statutes governing the military and knowledge about Air

-5-

Force regulations and policies concerning discharge. The military justice system, which includes oversight by the United States Court of Appeals for the Armed Forces, is best suited to address those issues in the first instance. See Councilman, 420 U.S. at 758 (noting that the court's civilian judges have "thorough familiarity with military problems," but are "completely removed from all military influence or persuasion"); see also Lawrence v. McCarthy, 344 F.3d 467, 473 (5th Cir. 2003) ("Abstention is particularly appropriate in this case because an individual's status is a question of fact which the military courts are more intimately familiar with than the civil courts. Whether [plaintiff] was discharged depends largely upon the interpretation of military forms and standard operating procedures with which we are comparatively less well-versed.").

Last, Bishop has not demonstrated extraordinary circumstances that would favor civilian intervention, through habeas relief, by a federal district court. He is no longer in physical custody of the Air Force and he has provided no reasons to suggest that the military appeals process would not fairly consider his jurisdictional arguments.

In sum, the Court will abstain from addressing Bishop's habeas petition until the conclusion of all military appellate proceedings, including review by the United States Court of Appeals for the Armed Forces. At the close of those proceedings,

Bishop may re-file his petition if he remains dissatisfied with the outcome.

## Conclusion

For these reasons, the Court will dismiss Bishop's petition without prejudice.

A separate order consistent with this memorandum opinion will be entered.

Entered this 30th day of January, 2008.

/s/ 
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia